# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AARON FECHTER,**
**CREATIVE ENGINEERING, INC.,**
                    **Plaintiffs,**

**-vs-**                                                    **Case No. 6:08-cv-1078-Orl-19DAB**

**SNAPPER ARD,**
**DAVID FERGUSON,**
                      **Defendants.**

## ORDER

This case comes before the Court on the following:

1. Motion for Default Judgment Against Snapper Ard (Doc. No. 38, filed July 1, 2009); and

2. Motion of Plaintiffs for Clarification, or in the Alternative, For Relief from Court's February 8, 2009 Order Dismissing Case and Incorporated Memorandum of Law (Doc. No. 39, filed July 1, 2009).

Plaintiffs Aaron Fetcher and Creative Engineering, Inc. move for relief from the Court's order dismissing this case. (Doc. No. 37, filed Feb. 9, 2009.) Plaintiffs successfully mediated their claims against Defendant Ferguson. (Doc. No. 38.) Defendant Snapper Ard did not participate. (*Id.*) However, the mediator failed to specify in his mediation report that only the claims against Ferguson were resolved. (*Id.*) Based on that report, the Court dismissed the entire case, including the claims against Snapper Ard, subject to either party reopening the case for "good cause" within thirty days. (Doc. No. 37.)

Plaintiffs waited more then thirty days to reopen the case, and they now rely on Federal Rule of Civil Procedure 60(a) as grounds for relief. (Doc. No. 38.) Under that Rule, a Court "may correct

a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In this case, the Court's Order dismissing the case arose from mistake in the record since the mediator failed to explain that only the claims against Defendant Ferguson were settled, and the mediator's report implied that the entire case was concluded. Accordingly, Rule 60(a) gives this Court discretion to reopen the case and permit Plaintiffs to seek a default judgment against Defendant Snapper Ard.

Courts may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis to prevail in the action. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Further, the damages claimed must be supported by evidence in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 & n.13 (11th Cir. 2005). In this case, Plaintiffs' claims are legally sufficient, and their claimed damages are supported by evidence in the record. (Doc. No. 38; Doc. No. 38-1.)

The Motion of Plaintiffs for Clarification, or in the Alternative, For Relief from Court's February 8, 2009 Order Dismissing Case and Incorporated Memorandum of Law (Doc. No. 39, filed July 1, 2009), and the Motion for Default Judgment Against Snapper Ard (Doc. No. 38, filed July 1, 2009) are **GRANTED**. Plaintiffs shall email a copy of their proposed Default Judgment to the Court at the following email address: chambers_flmd_fawsett@flmd.uscourts.gov.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 3, 2009.

---

[1] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party